And the court will proceed to the fourth case. United States v. Collins Mr. Hillis May it please the court, counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office. I represent Cordell Collins. He raises two supervised release condition challenges on the appeal. The challenges aren't waived. I think I need to begin with that. In our view, he did not waive for a variety of reasons. He didn't forego oral pronouncement, which is a key criteria. And apparently under the recent waiver decisions of this court in Chater and Flores, waiver is supposed to be liberally construed under Zerbst, and it is not being construed in that way. Was the defendant asked if he had any objections to the recommended terms? Yes. And what did he say? No. He said he had no objections. He said no objections. That's a waiver. I don't think it's as simple as that, Your Honor. If it were, we wouldn't have decisions that predate. How simple is that? Well, Your Honor, if I may, being asked the question about whether you have a particular objection has not been determinative based on a no response in previous cases. And if it were, then we wouldn't have all the case law that we did from Guy, McKissick, through Kappus and Thompson. So those cases would seem evidently wrong if Your Honor was correct on that basic proposition, which would mean then the Seventh Circus had years of misunderstanding waiver law that has only since been corrected with Chater and Flores. We think that's simply a misunderstanding and a misapplication of what waiver is, and it should result in a plain error analysis, as was done in Kappus and Thompson. Chater and Flores, for that matter, Your Honor, while they did discuss the answer or the lack of objection, they were opinions that were focused on the silence of an individual. And focusing on that silence is incorrect, of course, under Boykin. The word no is not silence. No, that's not, Your Honor. However, that's not been dispositive. You're asked if you have objections, and you say, I have none. Sure. That means you have none. Or that you misunderstood what your rights were and you simply overlooked them, which takes us then from waiver into a plain error. We engage in waiver analysis based on what people do and say rather than the theories of Sigmund Freud. We don't try to examine the contents of people's heads. We use objective signs. We must consider whether it was intentional in knowing, Your Honor, and if somebody wasn't aware of a defect, of course, why would we ever agree to a bill of law? You have made that argument before. Yes, sir. And it has been rejected before. You have the quality of a flat earther, right? No matter how many times the argument is made and rejected, I'm going to make it again and insist that it hasn't been rejected. Your Honor. It doesn't stand your clients in good stead. I'll point then, Your Honor, to Borrella where they presumably conducted the same colloquy in the Tenth Circuit, and there was no argument that waiver applied there, so it would seem that we have a circuit split in that regard, Your Honor. Fine. You can file a petition for certiorari if you wish. Thank you, Your Honor. But this issue has been resolved in this circuit. Your Honor, if I may move, though, to the aspect of what the condition entailed, and that was there was no correct recitation in the judgment about what the oral pronouncement was. So at the oral pronouncement, the judge said something that was not then contained in the written judgment. That takes us out of all that waiver case law that Your Honor is referring to, and it takes us into the Alboret and Johnson line of cases that simply say the oral pronouncement controls over the written judgment. And so the oral pronouncement said that- So what is the objection to the written judgment? As you say- Yes. The oral pronouncement controls. Right. The judge defined with some care what is the jurisdiction that the defendant cannot leave. Yes. The judgment doesn't define it. So it needs- It leaves something to be desired, but the oral pronouncement does. So what's the problem? Well, it needs to be corrected because the oral pronouncement isn't what is in the written judgment. The judgment is what follows my client through the rest of his supervision, which is years in the future. I doubt that they're going to be- Did you ask the district judge to make that correction? Your Honor, I'm- And 14 days under the rules. I doubt anybody caught that, Your Honor, and I'm the appellate counsel, so this is the avenue on the appeal, which is under the case law allowable. So I have no ability to seek any modification in the district court. I'm not asking about you personally. I'm asking about the defendant and the defendant's lawyers. No one asked, Your Honor. Nobody asked the district judge to correct it during the 14 days allowed for correction. That's true, Your Honor. So would this case be similar to the Hudson case, which I believe at least one and perhaps two members of this panel were on, and that said that the oral pronouncement- It's entirely irrelevant who was on what panel. It's just anecdotal information, Your Honor. The controlling purpose, though, is expressed in Hudson that the judgment should be conformed to reflect what the oral pronouncement was. So it's as simple as that in our view. I just don't see any contradiction between the written and oral judgments. The written is less complete than the oral. The oral says what I mean by jurisdiction is X. The written just uses the word jurisdiction without elaboration. It's helpful to have the definition, but I don't see any contradiction. Well, there seems to be- I hope you see my problem. I do, and I'm going to try to resolve it. So there seems to be a central difference because we know that under the case law, the word jurisdiction is vague and would need a definition. It needs a definition, and the judge gave it one. But it's not in the written judgment, Your Honor. But there is no doubt that if your client is charged with leaving the jurisdiction without permission, he will simply point to what the judge said. There's no problem. This isn't something a prison administers. This is something the judge administers, and the judge is on paper. The judge has no telling if he'll be on the bench and hearing over a 3583E revocation proceeding. And then furthermore, Your Honor, the judgment's easily corrected, as it was in Hudson. It should be done here. We shouldn't be left to have the defendant recall from years ago what the judge said, order transcripts, et cetera. Judgments are supposed to reflect what the oral pronouncement is. It's very basic. And with that, unless the court has any additional questions, I'll reserve the balance of my time. Thank you. All right. Thank you, Mr. Hillis. Ms. Vesovic. May it please the court. Jasmina Vesovic on behalf of the United States. Your Honors, in this case, Mr. Collins has waived review of all three conditions of supervised release challenged here. He had notice of the condition. Of course, the waiver doesn't affect the contention that the written judgment is inconsistent with the oral pronouncement. So let's focus on that. What do you think should be done? Well, Your Honor, I do believe he did waive that condition because No, you cannot waive something that happens after the date of your waiver. Right? If you say I have no objection to the conditions, that means you have no objection to the conditions. It doesn't mean you have no objection to whatever nonsense happens to be written down days later in a judgment. That's correct, Your Honor. And if the court finds that Mr. Collins did not waive that condition, then Look, I would really appreciate it if you just accept my view that nothing has been waived about that and address my question. What should be done? The court should issue either a limited remand to the district court asking the district court to conform the written judgment to the oral pronouncement or, as the court has held, could also do it itself. But in recent case law, the court has issued a limited remand, and that's what I would propose here as well. Is the district court continuing to use this judgment form? I don't believe so, Your Honor. I believe that probation has been able to The probation office doesn't write the court's judgments. The question is, is the district court continuing to use this judgment form? It's very disappointing that years after we have told district judges not to phrase that condition with just the word jurisdiction, they're continuing to use a form that uses just that word. This is an entirely avoidable error. I can't speak for the district court, but I do know that the government is aware of it. So do you know the answer to my question? I do not know the answer, Your Honor. I apologize. But I do know that the government is well aware of this issue and has taken steps to address it. Why didn't the government ask for a correction within 14 days? I am not sure. I was not district court counsel. It's not a sufficient excuse to say, we've got a new lawyer on appeal. I'm asking about the behavior of litigants, about the behavior of Mr. Collins through counsel, about the behavior of the United States through counsel. Your Honor, our office is aware of it. Is it the policy of your office to pay no attention to what's in the judgment? That appears to be what happened. The judgment is what it is. Lawyers should look through it, catch problems, and fix them. We don't need this appeal. Thank you, Your Honor. I'll make sure the office is well aware of your position. Just to briefly go through the rest of the conditions, I know you wanted to focus on the jurisdiction one. If the court, as you're mentioning, finds that there was waiver, then the issue can easily be resolved with a limited remand. As to the other two conditions, the condition allowing probation to visit Mr. Collins' place of employment at any reasonable time, if the court finds that this condition was not waived, there was no plain error, because the court has held that additional identical language, I apologize, was appropriate in other cases. As to the third condition at issue, the one regarding community service, again, if the court finds that Mr. Collins did not waive his challenge, then the government agrees that a limited remand to allow the district court to explain its reasoning behind the number of community service hours imposed is indeed appropriate. And if there are no further questions, the government respectfully requests that the court affirm the judgment of the district court. Thank you. Thank you. Mr. Hillis. I'm happy to answer any questions. All right. Thank you. Thanks. Counsel, the case is taken under advisement.